ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ERIC J. LORENZINI, State Bar No. 218433
  *elorenzini@elkinskalt.com*
JULIE Z. KIMBALL, State Bar No. 252449
  *jkimball@elkinskalt.com*
10345 West Olympic Boulevard
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Plaintiff Tooraj Salarzadeh

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TOORAJ SALARZADEH, an individual,<br><br>              Plaintiff,<br><br>        v.<br><br>META PLATFORMS, INC., a Delaware corporation; INSTAGRAM, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>              Defendants. | CASE No. 3:23-mc-80155<br><br>***EX PARTE* MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FROM META PLATFORMS, INC. AND INSTAGRAM, LLC FOR USE IN FOREIGN PROCEEDINGS** |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5054243

**PLEASE TAKE NOTICE** that Plaintiff Tooraj Salarzadeh ("Mr. Salarzadeh") respectfully applies to this Court by *Ex Parte* (the "Motion") for an order of discovery pursuant to 28 U.S.C. § 1782 granting Mr. Salarzadeh leave to obtain targeted discovery from Meta Platforms, Inc. ("Meta") and Instagram, LLC. ("Instagram") for use in an anticipated proceeding in Hong Kong.  Specifically, this Motion seeks leave to issue the proposed subpoenas for production of documents attached hereto as **Exhibit A** and **Exhibit B**.

This Motion is brought on an *ex parte* basis pursuant to Civil L.R. 7-10 as this Court has expressly authorized, and routinely accepts, *ex parte* motions for 28 U.S.C. § 1782 discovery.  *See, e.g., IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014).

This Motion is supported by the Memorandum of Points and Authorities, Declaration of Tooraj Salarzadeh, and Declaration of Kevin Bowers filed concurrently herewith; and the [Proposed] Order lodged concurrently herewith.

In the unanticipated event that Meta or Instagram have any objections to any of the requests for production of documents, this Motion does not prejudice their right to move to quash any subpoenas that the Court allows to issue.

*Jurisdiction*:  This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §1782 (a district court may order a person who resides in the district to produce documents for use in a foreign tribunal upon the application of any interested person).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

*Intradistrict assignment*:  Assignment of this Motion to the San Francisco Division of this Court is proper because Meta and Instagram have their principal places of business in Menlo Park, in the County of San Mateo, California.

DATED:  May 26, 2023              ELKINS KALT WEINTRAUB REUBEN
                                 GARTSIDE LLP


                                 By:    */s/ Eric J. Lorenzini*
                                        ———————————————————
                                        ERIC J. LORENZINI
                                        Attorneys for Plaintiff Tooraj Salarzadeh

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5054243

3

*EX PARTE* MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Tooraj Salarzadeh | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Meta Platforms, Inc., et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Meta Platforms, Inc., c/o CSC Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment "A".

| Place: Elkins Kalt Weintraub Reuben Gartside LLP<br>10345 W. Olympic Blvd.<br>Los Angeles, CA 90064 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Tooraj Salarzadeh _____ , who issues or requests this subpoena, are:
Elkins Kalt Weintraub Reuben Gartside LLP, c/o Eric J. Lorenzini, 10345 W. Olympic Blvd., Los Angeles, CA 90064

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                                    _____
                                            *Printed name and title*

                                    _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A
## DEFINITIONS

1.      "META" refers to Meta Platforms, Inc. and any person(s) or agents acting on its behalf.

2.      "INFRINGING ACCOUNT" refers to the Instagram account with the username "fxunibxy".

3.      "DOCUMENTS" mean all items within the scope of Federal Rules of Evidence § 1001, and includes originals, drafts, or copies, wherever located, and shall include all handwritten, printed, graphic, typed, electronically recorded, sound recorded, or computer readable materials, or other recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, assimilated or made, in any form which is or was in META's actual or constructive possession, custody or control.  "DOCUMENTS" also includes, but is not limited to, any and all records, writings, letters, text messages, minutes, correspondence, electronic mail or email attachments, mailgrams, telegrams, bulletins, instructions, resolutions, charts, literature, work assignments, reports, sales brochures, memoranda, notations of telephone or personal conversations or conferences, transcripts, contracts, agreements, canceled checks, interoffice microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, records, statics, speeches, and other writings, tapes, sound records, data complications from which information can be obtained or can be translated through detection devices into reasonable usable form, or other tangible thing.  Further, "DOCUMENTS" shall also mean each copy which is not identical to the original or to any other identified copy, and all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such DOCUMENTS, whether used or not.

/ / /

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

# **INSTRUCTIONS**

1. If a document exists and several copies or additional copies have been made that are non-identical (or are no longer identical by reason of any subsequent additions or notations or other modifications of such copy) each copy is to be construed as a separate document.

2. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, all electronically stored information produced in response to these Requests shall be produced as native files (with accompanying TIFF images), including, at least, the following metadata: begbates; endbates; pages; attach_count; custodian; author; recipient; cc; subject; sent_date; sent_time; time zone; ocrtext; hash values; and thread ID.

3. META is to produce documents that are within its possession, custody, or control, including documents in the possession, custody, or control of any company controlled by it, and any attorney, agent, broker, employee, representative, computer service company, accountant or bookkeeper retained or employed by it or any company controlled by it.

4. Whenever a document over which META has any present or future right to custody or control cannot be produced because it is in the possession of any other person, separately identify such document by indicating its author, date of each document, subject matter, to whom it was sent, and the identity of the person currently in possession of the document.

5. If any document is withheld from production based upon a claim of privilege or for any other reason or objection, state the date of the document, its author, subject matter, to who it is addressed, as well as the privilege, the objection or reason why such document is not being produced.  Moreover, at the time and place the documents are to be produced, please indicate on whose behalf any such privilege, objection or reason for non-production is being made or asserted.

6. The term "or" shall be construed either conjunctively or disjunctively

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

to bring within the scope of these Requests for Production any documents that might otherwise be construed to be outside their scope.

7.     The singular includes the plural, and vice versa.  The masculine includes the feminine and neutral genders.  The past tense includes the present tense where the clear meaning is not distorted by change of tense, or vice versa.

8.     Unless otherwise noted, this set of demands requires the production of documents or tangible things that were prepared, created, written, sent, dated or received at any time up to the date of service of META's response to these demands.

9.     In producing documents or tangible things pursuant to these demands, please identify the following:

(a)     The paragraphs, paragraph or subparts of the demand to which each document or tangible thing corresponds;

(b)     The location from which the document or tangible thing was produced, including address, file, drawer, or cabinet name and number.

10.     If META withholds any document or tangible thing under a claim of privilege, please furnish with his response to these demands the statement required by Federal Rules of Civil Procedure, Rule 26(b)(5), identifying each document or tangible thing for which privilege is claimed, describing the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim, including the following information:

(a)     The date, sender, recipient, and subject matter of the document or tangible thing;

(b)     The relationship between the author and each of said recipients at the time the document or tangible thing was received by the recipient;

(c)     The basis up which privilege is claimed;

(d)     The paragraphs, paragraph or subparts of the demand to which each document or tangible thing corresponds; and

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5054892.1

3

(e)     The general description of the subject matter of the information contained in the document or tangible thing.

11.     Unless specifically requested, duplicative originals or copies that are identical to a produced document or tangible thing need not also be produced.  Any duplicate that is different in any way (*e.g.*, contains notes or is missing material) must be produced.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

DOCUMENTS sufficient to identify the IP address linked to the INFRINGING ACCOUNT.

### REQUEST FOR PRODUCTION NO. 2:

DOCUMENTS sufficient to identify other user names on META's platforms linked to the IP address that is linked to the INFRINGING ACCOUNT.

### REQUEST FOR PRODUCTION NO. 3:

DOCUMENTS sufficient to identify the e-mail address linked to the INFRINGING ACCOUNT.

### REQUEST FOR PRODUCTION NO. 4:

DOCUMENTS sufficient to identify other user names on META's platforms linked to the email address that is linked to the INFRINGING ACCOUNT.

### REQUEST FOR PRODUCTION NO. 5:

DOCUMENTS sufficient to identify the user(s) of the INFRINGING ACCOUNT from July 25, 2022 until the date that the INFRINGING ACCOUNT was removed or deleted, including all names, addresses (including postal codes), e-mail addresses (including email addresses used for recovery or other purposes), and telephone numbers.

/ / /

/ / /

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5054892.1

4

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to show all names and addresses (including postal codes) of credit card holders for any credit cards linked to the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to show all access of the INFRINGING ACCOUNT (including dates, times, and access type) from July 25, 2022 until the date that the INFRINGING ACCOUNT was deleted or removed.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to show any and all location tags for photos from the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show any and all location tags for videos from the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any and all location tags for posts from the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show any and all posts that the INFRINGING ACCOUNT has engaged with (for example, liked, commented on, shared, messengered, or copied) from July 25, 2022 until the date that the INFRINGING ACCOUNT was deleted or removed.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to show any and all accounts that the INFRINGING ACCOUNT has engaged with (for example, liked, commented on, shared, messengered, or copied) from July 25, 2022 until the date that the INFRINGING ACCOUNT was deleted or removed.

/ / /

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1  **REQUEST FOR PRODUCTION NO. 13:**

2      DOCUMENTS sufficient to show the date that the INFRINGING

3  ACCOUNT was deleted or removed.

4  **REQUEST FOR PRODUCTION NO. 14:**

5      DOCUMENTS sufficient to show all usernames associated with the

6  INFRINGING ACCOUNT other than username "fxunibxy" (i.e. before the

7  INFRINGING ACCOUNT was changed to username "fxunibxy" or any subsequent

8  usernames associated with the INFRINGING ACCOUNT).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| Tooraj Salarzadeh | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No. |
| Meta Platforms, Inc., et al. | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Instagram, LLC, c/o CSC Lawyers Incorporating Service, 2710 Gateway Oaks Dr., Sacramento, CA 95833

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment "A".

| Place: Elkins Kalt Weintraub Reuben Gartside LLP<br>         10345 W. Olympic Blvd.<br>         Los Angeles, CA 90064 | Date and Time: |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    _____

| _CLERK OF COURT_ | |
| | OR |
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Plaintiff
Tooraj Salarzadeh                                  , who issues or requests this subpoena, are:
Elkins Kalt Weintraub Reuben Gartside LLP, c/o Eric J. Lorenzini, 10345 W. Olympic Blvd., Los Angeles, CA 90064

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                          *Server's signature*

                                            _____
                                                          *Printed name and title*

                                            _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

1.      "INSTAGRAM" refers to Instagram, LLC and any person(s) or agents acting on its behalf.

2.      "INFRINGING ACCOUNT" refers to the Instagram account with the username "fxunibxy".

3.      "DOCUMENTS" mean all items within the scope of Federal Rules of Evidence § 1001, and includes originals, drafts, or copies, wherever located, and shall include all handwritten, printed, graphic, typed, electronically recorded, sound recorded, or computer readable materials, or other recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, assimilated or made, in any form which is or was in INSTAGRAM'S actual or constructive possession, custody or control.  "DOCUMENTS" also includes, but is not limited to, any and all records, writings, letters, text messages, minutes, correspondence, electronic mail or email attachments, mailgrams, telegrams, bulletins, instructions, resolutions, charts, literature, work assignments, reports, sales brochures, memoranda, notations of telephone or personal conversations or conferences, transcripts, contracts, agreements, canceled checks, interoffice microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data compilations, work sheets, records, statics, speeches, and other writings, tapes, sound records, data complications from which information can be obtained or can be translated through detection devices into reasonable usable form, or other tangible thing.  Further, "DOCUMENTS" shall also mean each copy which is not identical to the original or to any other identified copy, and all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such DOCUMENTS, whether used or not.

/ / /

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

**INSTRUCTIONS**

1.      If a document exists and several copies or additional copies have been made that are non-identical (or are no longer identical by reason of any subsequent additions or notations or other modifications of such copy) each copy is to be construed as a separate document.

2.      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, all electronically stored information produced in response to these Requests shall be produced as native files (with accompanying TIFF images), including, at least, the following metadata: begbates; endbates; pages; attach_count; custodian; author; recipient; cc; subject; sent_date; sent_time; time zone; ocrtext; hash values; and thread ID.

3.      INSTAGRAM is to produce documents that are within its possession, custody, or control, including documents in the possession, custody, or control of any company controlled by it, and any attorney, agent, broker, employee, representative, computer service company, accountant or bookkeeper retained or employed by it or any company controlled by it.

4.      Whenever a document over which INSTAGRAM has any present or future right to custody or control cannot be produced because it is in the possession of any other person, separately identify such document by indicating its author, date of each document, subject matter, to whom it was sent, and the identity of the person currently in possession of the document.

5.      If any document is withheld from production based upon a claim of privilege or for any other reason or objection, state the date of the document, its author, subject matter, to who it is addressed, as well as the privilege, the objection or reason why such document is not being produced.  Moreover, at the time and place the documents are to be produced, please indicate on whose behalf any such privilege, objection or reason for non-production is being made or asserted.

6.      The term "or" shall be construed either conjunctively or disjunctively

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

to bring within the scope of these Requests for Production any documents that might otherwise be construed to be outside their scope.

7.     The singular includes the plural, and vice versa.  The masculine includes the feminine and neutral genders.  The past tense includes the present tense where the clear meaning is not distorted by change of tense, or vice versa.

8.     Unless otherwise noted, this set of demands requires the production of documents or tangible things that were prepared, created, written, sent, dated or received at any time up to the date of service of INSTAGRAM'S response to these demands.

9.     In producing documents or tangible things pursuant to these demands, please identify the following:

(a)     The paragraphs, paragraph or subparts of the demand to which each document or tangible thing corresponds;

(b)     The location from which the document or tangible thing was produced, including address, file, drawer, or cabinet name and number.

10.     If INSTAGRAM withholds any document or tangible thing under a claim of privilege, please furnish with his response to these demands the statement required by Federal Rules of Civil Procedure, Rule 26(b)(5), identifying each document or tangible thing for which privilege is claimed, describing the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim, including the following information:

(a)     The date, sender, recipient, and subject matter of the document or tangible thing;

(b)     The relationship between the author and each of said recipients at the time the document or tangible thing was received by the recipient;

(c)     The basis up which privilege is claimed;

(d)     The paragraphs, paragraph or subparts of the demand to which

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1 each document or tangible thing corresponds; and

2         (e)    The general description of the subject matter of the information

3 contained in the document or tangible thing.

4     11.    Unless specifically requested, duplicative originals or copies that are

5 identical to a produced document or tangible thing need not also be produced.  Any

6 duplicate that is different in any way (*e.g.*, contains notes or is missing material)

7 must be produced.

8

9 **REQUESTS FOR PRODUCTION OF DOCUMENTS**

10 **REQUEST FOR PRODUCTION NO. 1:**

11     DOCUMENTS sufficient to identify the IP address linked to the

12 INFRINGING ACCOUNT.

13 **REQUEST FOR PRODUCTION NO. 2:**

14     DOCUMENTS sufficient to identify other user names on INSTAGRAM'S

15 platforms linked to the IP address that is linked to the INFRINGING ACCOUNT.

16 **REQUEST FOR PRODUCTION NO. 3:**

17     DOCUMENTS sufficient to identify the e-mail address linked to the

18 INFRINGING ACCOUNT.

19 **REQUEST FOR PRODUCTION NO. 4:**

20     DOCUMENTS sufficient to identify other user names on INSTAGRAM'S

21 platforms linked to the email address that is linked to the INFRINGING

22 ACCOUNT.

23 **REQUEST FOR PRODUCTION NO. 5:**

24     DOCUMENTS sufficient to identify the user(s) of the INFRINGING

25 ACCOUNT from July 25, 2022 until the date that the INFRINGING ACCOUNT

26 was removed or deleted, including all names, addresses (including postal codes), e-

27 mail addresses (including email addresses used for recovery or other purposes), and

28 telephone numbers.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

1  **REQUEST FOR PRODUCTION NO. 6:**

2      DOCUMENTS sufficient to show all names and addresses (including postal

3  codes) of credit card holders for any credit cards linked to the INFRINGING

4  ACCOUNT.

5  **REQUEST FOR PRODUCTION NO. 7:**

6      DOCUMENTS sufficient to show all access of the INFRINGING

7  ACCOUNT (including dates, times, and access type) from July 25, 2022 until the

8  date that the INFRINGING ACCOUNT was deleted or removed.

9  **REQUEST FOR PRODUCTION NO. 8:**

10      DOCUMENTS sufficient to show any and all location tags for photos from

11  the INFRINGING ACCOUNT.

12  **REQUEST FOR PRODUCTION NO. 9:**

13      DOCUMENTS sufficient to show any and all location tags for videos from

14  the INFRINGING ACCOUNT.

15  **REQUEST FOR PRODUCTION NO. 10:**

16      DOCUMENTS sufficient to show any and all location tags for posts from the

17  INFRINGING ACCOUNT.

18  **REQUEST FOR PRODUCTION NO. 11:**

19      DOCUMENTS sufficient to show any and all posts that the INFRINGING

20  ACCOUNT has engaged with (for example, liked, commented on, shared,

21  messengered, or copied) from July 25, 2022 until the date that the INFRINGING

22  ACCOUNT was deleted or removed.

23  **REQUEST FOR PRODUCTION NO. 12:**

24      DOCUMENTS sufficient to show any and all accounts that the INFRINGING

25  ACCOUNT has engaged with (for example, liked, commented on, shared,

26  messengered, or copied) from July 25, 2022 until the date that the INFRINGING

27  ACCOUNT was deleted or removed.

28  / / /

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to show the date that the INFRINGING ACCOUNT was deleted or removed.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to show all usernames associated with the INFRINGING ACCOUNT other than username "fxunibxy" (i.e. before the INFRINGING ACCOUNT was changed to username "fxunibxy" or any subsequent usernames associated with the INFRINGING ACCOUNT).

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5054893

6

ATTACHMENT A