ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ERIC J. LORENZINI, State Bar No. 218433
 *elorenzini@elkinskalt.com*
JULIE Z. KIMBALL, State Bar No. 252449
 *jkimball@elkinskalt.com*
10345 West Olympic Boulevard
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Plaintiff Tooraj Salarzadeh

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TOORAJ SALARZADEH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware corporation; INSTAGRAM, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE No. 3:23-mc-80155<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FROM META PLATFORMS, INC. AND INSTAGRAM, LLC FOR USE IN FOREIGN PROCEEDINGS** |

**TABLE OF CONTENTS**

<u>Page</u>

I. INTRODUCTION ................................................................................................... 4

II. FACTUAL BACKGROUND .................................................................................. 5

III. EVIDENCE SOUGHT FROM META AND INSTAGRAM ................................. 6

V. CONCLUSION ...................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Eurasian Natural Resources Corp. Ltd.*,
  No. 18-mc-80041-LB, 2018 WL 1557167 (N.D. Cal. Mar. 30, 2018) ....................... 10

*In re Google, Inc.*,
  No. 14-mc-80333-DMR, 2014 WL 7146994 (N.D. Cal. Dec. 15, 2014) ................ 8, 10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ......................................................................... 6, 7, 8, 9, 10, 13

*IPCom GmbH & Co. KG v. Apple, Inc.*,
  61 F. Supp. 3d 919 (N.D. Cal. 2014) ...................................................................... 7

*In re Med. Corp. H&S*,
  No. 19-MC-80058-VKD, 2019 WL 1230440 (N.D. Cal. Mar. 15, 2019) ................... 12

*Med. Inc. Assn. Smile Create*,
  547 F. Supp. 3d 894, 896–900 (N.D. Cal. 2021) .................................................... 8, 9

*Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*,
  Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) ............................................................................................................. 12

*In re Varian Med. Sys.*,
  2016 WL 1161568 ................................................................................................... 9

**Statutes**

28 U.S.C. § 1782 .............................................................................................. 4, 5, 7, 8, 13

18 U.S.C. § 2701 ................................................................................................................ 12

5057865

3

MEMO OF POINTS AND AUTH. ISO *EX PARTE* FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Under 28 U.S.C. § 1782, interested parties may obtain discovery from companies located within the United States or subject to the jurisdiction of its courts for use before international tribunals.

Here, Plaintiff Tooraj Salarzadeh's 17-year-old son is the innocent victim of a serious and abusive case of cyberbullying. His son was bullied through an anonymous social media account operated by Meta Platforms, Inc. ("Meta") and Instagram, LLC ("Instagram"). Under Section 1782, Mr. Salarzadeh seeks documents from Meta and Instagram sufficient to identify the individual or individuals behind the cyberbullying in order to file a lawsuit on his minor son's behalf in Hong Kong against the individual(s).

Mr. Salarzadeh's ex parte motion (the "Motion") satisfies each of the statutory requirements set forth in Section 1782. Meta and Instagram are found within the Northern District of California, and the discovery sought is for use in anticipated proceedings in Hong Kong. Mr. Salarzadeh is an interested person because he will be a party to those proceedings, filing suit on behalf of his son (who, as a minor, is unable to sue on his own behalf).

The discretionary factors that courts consider in ruling on Section 1782 applications also weigh strongly in favor of granting the Motion. Specifically, Meta and Instagram will not be parties to the anticipated proceedings in Hong Kong; the court in Hong Kong is expected to be receptive to the information obtained; the Motion does not attempt to circumvent any proof-gathering restrictions or other policies of Hong Kong or the United States; and the proposed subpoenas do not contain any unduly intrusive or burdensome requests.

Accordingly, Mr. Salarzadeh respectfully requests that the Court grant the Motion and authorize issuance of the subpoenas to Meta and Instagram attached as Exhibit A and Exhibit B to the Motion.

## II. FACTUAL BACKGROUND

Plaintiff Tooraj Salarzadeh's 17-year-old son (referred to herein as "Victim") is the innocent victim of cyberbullying.

Starting in approximately July of 2022, one or more individuals began disseminating offensive and defamatory information about the Victim through an anonymous social media account on Instagram with the username "fxunibxy" (the "Infringing Account"). *See* Declaration of Tooraj Salarzadeh ("Salarzadeh Decl.") ¶ 3, Ex. A. The individual(s) also sent the Victim intimidating and harassing messages through the Infringing Account. *See id.* ¶ 4, Ex. B.

Specifically, the offensive, untrue, and defamatory online content includes:

(i) messages sent from the Infringing Account to a number of students in the Victim's school falsely accusing him of intention to commit sexual assault, *see* Salarzadeh Decl., ¶ 5, Ex. A;

(ii) numerous abusive messages to the Victim from the user of the Infringing Account, who claims to be a former student of the Victim's school, *see id.*, Ex. B; and

(iii) other inappropriate and offensive messages, which are seriously detrimental and irreparably damaging to the personal reputation of the Victim, *see id.*, Exs. A and B.

These messages are collectively referred to herein as "Abusive Content."

The Infringing Account has since been deleted. *See id.* ¶ 6.

The Victim was only 16 years old when the bullying began. *See id.* ¶ 7. The offensive messages have caused, and continue to cause, serious and continuous injury to the Victim's personal reputation, as well as grievous distress and psychological harm to both him and his family. *See id.*

Mr. Salarzadeh intends to file suit in Hong Kong on behalf of his son to seek redress for the defamation and harassment once he obtains the identity of identity of the individual(s) behind the Infringing Account. *See id.* ¶ 8; *see also* Declaration of Kevin Bowers ("Bowers Decl.") ¶ 5.

## III. EVIDENCE SOUGHT FROM META AND INSTAGRAM

The Proposed Subpoenas attached as Exhibits A and B to the Motion are narrowly drawn to demand that Meta and Instagram provide information required to identify the individual(s) behind the Infringing Account and other basic information.

In particular, the Proposed Subpoenas request documents sufficient to show the IP address and email address linked to the Infringing Account, activity on the Infringing Account, identifying location tags for photos, videos, and posts, as well as identification of posts that the Infringing Account engaged with between July 25, 2022 and the date that the Infringing Account was deleted or removed. Consistent with the Stored Communications Act, the subpoenas do not seek the content of any communications associated with the accounts at issue.

## IV. THIS APPLICATION SHOULD BE GRANTED

Mr. Salarzadeh intends to file a lawsuit in Hong Kong on behalf of the Victim to redress injury as a result of the Abusive Content. *See* Salarzadeh Decl. ¶ 8. The identity of the individual(s) behind the Infringing Account is urgently needed to bring such a lawsuit. The Motion for issuance of subpoenas to Meta and Instagram meets all of the standards under 28 U.S.C. § 1782, and the discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) also weigh heavily in favor of granting the Application.

This Court should grant the Motion and authorize issuance of the subpoenas to Meta and Instagram attached as **Exhibit A** and **Exhibit B** to the Motion.

### A. Legal Standard

A district court may order the production of documents or testimony for use in a foreign legal proceeding under 28 U.S.C. § 1782 as long as the disclosure would not violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp.,* 542 U.S. at 249.

An applicant may invoke the statute where (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is

a foreign or international tribunal or an "interested person." 28 U.S.C. § 1782(a).

In addition the statutory requirements, district courts consider several discretionary factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome." *Id.* at 264-65. The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *Id.* at 247, 261–63.

Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis, since "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)) (internal quotation marks omitted); *see also* 28 U.S.C § 1782 (authorizing a district court to issue an order upon the application of any interested person).

The current application meets the statutory requirements of Section 1782, and the discretionary factors set forth in *Intel* strongly favor granting the requested discovery.

/ / /

/ / /

B. **Mr. Salarzadeh's Motion Meets § 1782's Statutory Requirements**

Mr. Salarzadeh's Motion satisfies all three of § 1782's mandatory statutory requirements.

*First*, the subpoenas seek discovery from Meta and Instagram, which are located in this District. Bowers Decl. ¶ 4.

*Second*, Mr. Salarzadeh requests this discovery for use in a civil action that he intends to file in Hong Kong as soon as he learns the identity of the Infringing Account responsible for the Abusive Content. *See* Salarzadeh Decl. ¶ 8. This proceeding before a foreign tribunal is within reasonable contemplation. *See Intel*, 542 U.S. at 259 (holding that adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation).

*Third*, Mr. Salarzadeh, as the intended plaintiff (on behalf of his minor son) in the contemplated civil action, is an interested person within the meaning of the statute. *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke 1782 ….").

Accordingly, Mr. Salarzadeh's request satisfies the three statutory requirements for an application under 28 U.S.C. § 1782. *See Med. Inc. Assn. Smile Create*, 547 F. Supp. 3d 894, 896–900 (N.D. Cal. 2021) (authorizing service of a subpoena on Google seeking account user information for an anticipated defamation action in Japan).

C. **The *Intel* Factors Strongly Favor Granting Mr. Salarzadeh's Motion**

All four of the discretionary factors identified by the Supreme Court in *Intel* also weigh in favor of the Court granting Mr. Salarzadeh's application.

/ / /

/ / /

/ / /

### 1. Meta and Instagram Will Not Be Parties to the Foreign Proceeding

The first factor considers whether the person from whom discovery is sought is a party to the foreign proceeding. *Intel*, 542 U.S. at 247. However, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotation marks and citation omitted).

Meta and Instagram will not be parties to the civil action that Mr. Salarzadeh intends to bring in Hong Kong. Bowers Decl. ¶ 5. The documents Mr. Salarzadeh seeks by subpoena are located in the United States, so the evidence is outside the reach of Hong Kong court's jurisdiction. *See* Bowers Decl. ¶ 5. Thus, this fact also weighs in favor of permitting discovery.

### 2. Hong Kong Courts are Receptive to U.S. Judicial Assistance

The Court also considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4.

Here, in general, Hong Kong courts have been receptive in other matters to assistance in discovery from the United States. Bowers Decl. ¶ 6. In the absence of evidence that Hong Kong courts would object to discovery of the information sought, or that Hong Kong courts object more generally to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing service of the subpoena. *See Med. Inc. Assn. Smile Create*, 547 F. Supp. 3d at 899.

### 3. There is No Circumvention of Proof-Gathering Restrictions

This next factor is whether the request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country

or the United States." *Intel*, 542 U.S. at 265. Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

Here, there are no known restrictions or policies under Hong Kong law that would limit the gathering of the evidence that Mr. Salarzadeh seeks here. *See* Bowers Decl. ¶ 6. Thus, this factor also weighs in favor of issuing the requested discovery.

### 4. The Requests are Not Unduly Burdensome or Intrusive

Finally, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Mr. Salarzadeh's Proposed Subpoenas are not unduly intrusive or burdensome. They are narrowly tailored and seek only the following documents:

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to identify the IP address linked to the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to identify other user names on [META's/INSTAGRAM's] platforms linked to the IP address that is linked to the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to identify the e-mail address linked to the INFRINGING ACCOUNT.

/ / /

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to identify other user names on [META's/INSTAGRAM's] platforms linked to the email address that is linked to the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to identify the user(s) of the INFRINGING ACCOUNT from July 25, 2022 until the date that the INFRINGING ACCOUNT was removed or deleted, including all names, addresses (including postal codes), e-mail addresses (including email addresses used for recovery or other purposes), and telephone numbers.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to show all names and addresses (including postal codes) of credit card holders for any credit cards linked to the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to show each instance of access of the INFRINGING ACCOUNT (including dates, times, and access type) from July 25, 2022 until the date that the INFRINGING ACCOUNT was deleted or removed.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to show any and all location tags for photos from the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show any and all location tags for videos from the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any and all location tags for posts from the INFRINGING ACCOUNT.

/ / /

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show any and all posts that the INFRINGING ACCOUNT has engaged with (for example, liked, commented on, shared, messengered, or copied) from July 25, 2022 until the date that the INFRINGING ACCOUNT was deleted or removed.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to show any and all accounts that the INFRINGING ACCOUNT has engaged with (for example, liked, commented on, shared, messengered, or copied) from July 25, 2022 until the date that the INFRINGING ACCOUNT was deleted or removed.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to show the date that the INFRINGING ACCOUNT was deleted or removed.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to show all usernames associated with the INFRINGING ACCOUNT other than username "fxunibxy" (i.e. before the INFRINGING ACCOUNT was changed to username "fxunibxy" or any subsequent usernames associated with the INFRINGING ACCOUNT).

*See* Proposed Subpoenas attached as **Exhibit A** and **Exhibit B** to the Motion.

Consistent with the Stored Communications Act, the subpoenas do not seek the content of any communications associated with the accounts at issue. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*). Further, the subpoenas seek only the names and addresses of the person(s) whose credit card may be associated with the Infringing Account, and do not seek disclosure of credit card numbers or any other sensitive information. *See In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting a subpoena for account-user

1  credit card information to the card holder's name and address).

2  Accordingly, this factor also weights in favor of granting the Motion.

3  **V.   CONCLUSION**

4  Mr. Salarzadeh's Motion satisfies each of the statutory requirements set forth in 28 U.S.C. §1782.  The discretionary *Intel* factors applied by courts in considering § 1782 applications also weigh strongly in favor of granting the Application. Accordingly, Mr. Salarzadeh respectfully requests that the Court grant this Motion and authorize issuance of the proposed subpoenas (attached to the Motion as Exhibit A and Exhibit B) to Meta and Instagram, respectively.

DATED:  May 26, 2023    ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP


By:   */s/ Eric J. Lorenzini*
ERIC J. LORENZINI
Attorneys for Plaintiff Tooraj Salarzadeh