UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOORAJ SALARZADEH,<br><br>    Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC., A DELAWARE CORPORATION, et al.,<br><br>    Defendants. | Case No. 23-mc-80155-TSH<br><br>**ORDER APPLICATION TO OBTAIN DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

## I.  INTRODUCTION

Tooraj Salarzadeh moves ex parte for an order pursuant to 28 U.S.C. § 1782 to obtain discovery from Meta Platforms, Inc.[1] for use in an anticipated proceeding in Hong Kong. ECF No. 1. Meta filed a response in which it "takes no position on the issuance of the subpoena but it reserves all rights and objections with respect to the subpoena if it does issue." ECF No. 9. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the following reasons.[2]

## II.  BACKGROUND

Salarzadeh intends to file a defamation and harassment suit in Hong Kong on behalf of his 17-year-old son, who is the victim of cyberbullying. Mot. at 5. Starting in approximately July of 2022, one or more individuals began disseminating offensive and defamatory information about

---

[1] Salarzadeh originally sought discovery from Meta and Instagram, LLC separately, but Meta clarified that it operates Instagram and is the proper entity for legal process related to the Instagram platform. Response at 1, ECF No. 9.

[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 12, 14. The petition names both Meta and "Instagram" as respondents, but in ECF No. 14 Meta explains that "Instagram is a service that is operated by Meta; it is not a separate entity or limited liability company."

his son through an anonymous social media account on Instagram with the username "fxunibxy" (the "Infringing Account"). *Id.*; Salarzadeh Decl. ¶ 3, ECF No. 1-2. The individual(s) also sent intimidating and harassing messages through the Infringing Account, messages falsely accusing Salarzadeh's son of intention to commit sexual assault. Salarzadeh Decl. ¶¶ 4-8. Salarzadeh now seeks the following information to obtain the identity of the individual(s) behind the Infringing Account:

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to identify the IP address linked to the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to identify other user names on META's platforms linked to the IP address that is linked to the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS sufficient to identify the e-mail address linked to the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to identify other user names on META's platforms linked to the email address that is linked to the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to identify the user(s) of the INFRINGING ACCOUNT from July 25, 2022 until the date that the INFRINGING ACCOUNT was removed or deleted, including all names, addresses (including postal codes), email addresses (including email addresses used for recovery or other purposes), and telephone numbers.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to show all names and addresses (including postal codes) of credit card holders for any credit cards linked to the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to show all access of the INFRINGING ACCOUNT (including dates, times, and access type) from July 25, 2022 until the date that the INFRINGING ACCOUNT was deleted or removed.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to show any and all location tags for photos from the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show any and all location tags for videos from the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show any and all location tags for posts from the INFRINGING ACCOUNT.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show any and all posts that the INFRINGING ACCOUNT has engaged with (for example, liked, commented on, shared, messengered, or copied) from July 25, 2022 until the date that the INFRINGING ACCOUNT was deleted or removed.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS sufficient to show any and all accounts that the INFRINGING ACCOUNT has engaged with (for example, liked, commented on, shared, messengered, or copied) from July 25, 2022 until the date that the INFRINGING ACCOUNT was deleted or removed.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS sufficient to show the date that the INFRINGING ACCOUNT was deleted or removed.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to show all usernames associated with the INFRINGING ACCOUNT other than username "fxunibxy" (i.e. before the INFRINGING ACCOUNT was changed to username "fxunibxy" or any subsequent usernames associated with the INFRINGING ACCOUNT).

Mot., Ex. A.

Meta takes no position on the issuance of the subpoena, but it notes it cannot comply with the proposed subpoena because it was unable to locate an existing Instagram account with the username "fxunibxy." Response at 2. If it does locate the target Instagram account with additional information from Salarzadeh, it reserves the right to object to the subpoena if the Court issues it. *Id.*

3

### III.  LEGAL STANDARD

"The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal[.]" 28 U.S.C. § 1782(a).  Courts may grant a § 1782 application where "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citations omitted).

Courts have wide discretion to grant discovery under § 1782.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260-61 (2004).  In exercising its discretion, a district court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance," (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65.  Courts, however, need not "address explicitly every [discretionary] factor." *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015).  Instead, the court's discretion is to be exercised in view of the twin aims of § 1782: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel Corp.*, 542 U.S. at 252.  Further, there is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *Id.* at 247, 261-63.  "Section 1782 is a provision for assistance to tribunals abroad.  It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist here." *Id.* at 263.

4

## IV. DISCUSSION

**A.    Statutory Requirements**

    **1.    Resides or is Found**

"A district court of the district in which a person resides or is found" may compel discovery from that person. 28 U.S.C. § 1782(a). While the Ninth Circuit has not interpreted this portion of the statute, other courts have "held 'resides or is found' extends to the limits of personal jurisdiction." *Shueisha Inc. v. Paypal Holdings, Inc.*, 2023 WL 2277102, at *3 (N.D. Cal. Feb. 27, 2023) (citing *In re del Valle Ruiz*, 939 F.3d 520, 523-24 (2d Cir. 2019)). "A court has personal jurisdiction over corporations: 1) incorporated in the district or with a principal place of business in the district; 2) where the corporation 'purposely avail[ed] itself of the privilege of conducting activities within the forum State'; 3) with consent; or 4) served within the district." *Id.* (citing *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *Burnham v. Superior Ct. of California, Cty. of Marin*, 495 U.S. 604, 604-05 (1990)). A party may consent by making a "general appearance" or filing a "responsive pleading . . . that fails to dispute personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987); *see also Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Jurisdiction attaches if a defendant makes a voluntary general appearance, as by filing an answer through an attorney.").

Here, there is no dispute Meta "resides or is found in" the Northern District of California. "Further, by filing a response without disputing jurisdiction, [Meta] consented to jurisdiction." *Shueisha Inc.*, 2023 WL 2277102, at *4 (citing *Jackson*, 682 F.2d at 1347).

    **2.    Interested Persons**

An "interested person" under § 1782(a) includes parties whose "future [legal] proceeding is 'within reasonable contemplation.'" *Khrapunov*, 931 F.3d at 925 (citing *Intel Corp.*, 542 U.S. at 259). Salarzadeh requests this discovery for use in a civil action that he intends to file in Hong Kong when he learns the identity of the Infringing Account responsible for the content. Salarzadeh Decl. ¶ 8. This proceeding before a foreign tribunal is within reasonable contemplation. *See Intel Corp.*, 542 U.S. at 259 (holding that adjudicative proceedings need not

be pending or imminent, so long as they are within reasonable contemplation); *Shueisha Inc.*, 2023 WL 2277102, at *4 (finding requirement satisfied when the applicant intended to file suit after § 1782 discovery revealed the identity of the potential defendant). Accordingly, Salarzadeh is an interested person because he will be a plaintiff in anticipated defamation litigation.

### 3. Foreign or International Tribunal

A foreign tribunal is an adjudicative body "that exercises governmental authority conferred by a single nation." *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2089 (2022). In contrast, an international tribunal is an adjudicative body "that exercises governmental authority conferred by two or more nations." *Id.* Salarzadeh, as the intended plaintiff (on behalf of his minor son), seeks to use this discovery to sue for defamation in a foreign tribunal—a court with authority from the Hong Kong government.

## B. Discretionary *Intel* Factors

### 1. Participation if Foreign Proceeding

The first factor considers whether the person from whom discovery is sought is a participant in the foreign proceeding. *Intel Corp.*, 542 U.S. at 247. "A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* at 264. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.* In considering this factor, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *2 (N.D. Cal. Aug. 10, 2021) (cleaned up); *see also Intel Corp.*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). This factor favors Salarzadeh because there is no indication the potential witnesses would participate in the anticipated defamation suit, and Hong Kong courts lack authority to compel the requested discovery. Bowers Decl. ¶ 5. Accordingly, this factor weighs in favor of permitting discovery. *See Shueisha Inc.*, 2023 WL 2277102, at *5 ("This factor favors Applicants because Witnesses would not participate in the anticipated copyright infringement suit(s) and Japanese and

Vietnamese courts may lack authority to compel Applicants' discovery, especially for information located in the United States.").

### 2. Nature of the Foreign Tribunal and Its Receptivity

Courts may deny § 1782 requests when "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court, or agency abroad to U.S. federal-court judicial assistance" counsels against. *Intel Corp.*, 542 U.S. at 264. Here, Salarzadeh provided an unrebutted declaration stating Hong Kong courts have been receptive to the requested discovery. Bowers Decl. ¶ 6; *see Application Pursuant to 28 U.S.C. § 1782 by Nikon Corp. v. GlobalFoundries U.S., Inc.*, 2017 WL 4647753, at *4 (N.D. Cal. Oct. 16, 2017), *aff'd*, 706 F. App'x 350, 351 (9th Cir. 2017) (affirming grant of § 1782 discovery when unrebutted expert declarations stated Japanese tribunals were receptive); *see also Shueisha Inc.*, 2023 WL 2277102, at *5 (granting § 1782 discovery where applicant provided unrebutted declaration stating Vietnamese tribunals would be receptive to the requested discovery).

Further, no evidence suggests Hong Kong tribunals would reject using the identities uncovered by Salarzadeh's discovery. *Compare In re Republic of Ecuador*, 2011 WL 736868, at *7 (N.D. Cal. Feb. 22, 2011) (granting discovery in the absence of evidence the foreign tribunal would reject the § 1782 discovery) *with Khrapunov*, 931 F.3d at 925-26 (explaining the receptivity factor disfavors discovery when the foreign tribunal proceeded to judgment without § 1782 discovery) *and In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040 (N.D. Cal. 2016) (holding the receptivity factor disfavors discovery when an amicus brief from the foreign tribunal requested the district court deny the § 1782 application). Accordingly, this factor also weighs in favor of discovery.

### 3. Attempt to Circumvent Foreign Law

Courts should consider whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. However, § 1782 does not require applicants show "that what is sought be discoverable in the foreign proceeding." *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2022), *aff'd*, 542 U.S. 241 (2004); *see also Intel Corp.*, 542 U.S. at 253 ("We

7

1  now hold that § 1782(a) does not impose such a [foreign-discoverability] requirement.").

2  Nothing in the record suggests Salarzadeh's request attempts to circumvent Hong Kong
3  law.  *See, e.g., In re ex parte Application of Bitwallet PTE. LTD.*, 2023 WL 1111505, at *3 (N.D.
4  Cal. Jan. 30, 2023) (explaining "[c]ourts have found that this factor weighs in favor of discovery
5  where there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof-
6  gathering restrictions.'") (citation omitted).  To the contrary, Salarzadeh provides an unrebutted
7  declaration stating the proposed subpoena does not violate restrictions in Hong Kong law.  Bowers
8  Decl. ¶ 6.  Thus, this factor also weighs in favor of issuing the requested discovery.  *See Shueisha*
9  *Inc.*, 2023 WL 2277102, at *6 (granting discovery where applicants provided unrebutted
10 declarations stating the proposed subpoenas do not violate restrictions in Japanese or Vietnamese
11 law).

12 **4.   Unduly Intrusive or Burdensome Requests**

13 Courts may "reject[ ] or trim[ ]" "unduly intrusive or burdensome requests."  *Intel Corp.*,
14 542 U.S. at 265.  For example, requests for names, addresses, telephone numbers and IP addresses
15 for five email accounts are not unduly intrusive or burdensome.  *See London v. Does 1-4*, 279 F.
16 App'x 513, 514-16 (9th Cir. 2008).  In contrast, requests to search email or messaging
17 conversations, especially over an undefined time, are unduly intrusive or burdensome.  *See, e.g.,*
18 *In re Barney*, 2022 WL 17813142, at *3 (N.D. Cal. Dec. 19, 2022); *Rainsy v. Facebook, Inc.*, 311
19 F. Supp. 3d 1101, 1113 (N.D. Cal. 2018).

20 Salarzadeh's discovery does not appear to be burdensome because he seeks names,
21 addresses, telephone numbers, email addresses, and IP addresses associated with the account, from
22 July 25, 2022 until the account was deleted or removed.  *See Shueisha Inc.*, 2023 WL 2277102, at
23 *6 (finding applicants' discovery was not burdensome where they sought names, addresses,
24 telephone numbers, email addresses, and IP addresses associated with up to nine accounts on the
25 witnesses' platforms); *In re Barney*, 2022 WL 17813142, at *3 (holding a request for IP address
26 and subscriber information associated with an email address and Facebook account narrowly
27 tailored because the applicants restricted discovery to a period of three months and did not seek
28 content of communications).  Indeed, Salarzadeh's discovery is less extensive than discovery other

8

courts have found burdensome. *See, e.g., Rainsy*, 311 F. Supp. 3d at 1113 (holding searching social media conversations among 8 people over an unlimited time to identify communications about 6 specified topics unduly burdensome); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. at 1042-43 (rejecting discovery as overly burdensome when not "narrowly tailored temporally, geographically or in their subject matter.").

Further, consistent with the Stored Communications Act, 18 U.S.C. § 2701 et seq., the subpoenas do not seek the content of any communications associated with the accounts at issue. *See, e.g., Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd.*, 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act). To the extent Salarzadeh seeks information related to credit cards, the subpoena seeks only the names and addresses of the person(s) whose credit card may be associated with the account, not disclosure of credit card numbers or any other sensitive information. *See In re Med. Corp. H&S*, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting a subpoena for account-user credit card information to the card holder's name and address).

As noted above, Meta takes no position on the issuance of the subpoena, but it reserves the right to object to the subpoena on certain grounds, including that it: (1) is barred by the federal Stored Communications Act, 18 U.S.C. § 2701, et seq.; (2) may seek identifying information for the purpose of harassing or intimidating the user into taking down the posts or discouraging future comments; (3) may be an improper attempt to unmask an anonymous speaker, in violation of the First Amendment; (4) may conceal an attempt to circumvent the policies of the United States; and (5) may lead to a violation of fundamental human rights, specifically, the right to freedom of expression. Response at 2-3. However, applications made under § 1782 are typically considered on an ex parte basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process

1 rights by motions to quash the subpoenas."). Consequently, orders granting § 1782 applications typically only provide that discovery is "authorized," and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application ex parte. *In re Ex Parte Appl. Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016). Accordingly, while the Court considers whether to authorize service of the proposed subpoena at this stage, it does not foreclose a motion to quash or modify the subpoena following service or by the account user whose identifying information is sought.

## V. CONCLUSION

In summary, the Court finds the application meets the statutory criteria and discretionary *Intel* factors for an order authorizing service of the proposed subpoena, attached as Exhibit A to Salarzadeh's motion. Accordingly, the Court **GRANTS** Salarzadeh's request and authorizes service of the proposed subpoena on Meta. This order does not foreclose a motion to quash or modify the subpoena by Meta following service or by the Meta account user whose identifying information is sought, and the Court orders Salarzadeh to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, Salarzadeh must also serve a copy of this order on Meta.
2. Within 10 calendar days of service of the subpoena and this order, Meta shall notify the account user, if the target account can be located, that their identifying information is sought by Salarzadeh and shall serve a copy of this order on each such account user.
3. Meta and/or the account user whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).
4. If any party contests the subpoena, Meta shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest.
5. Any information Salarzadeh obtains pursuant to the subpoena may be used only for

purposes of the anticipated litigation in Hong Kong, and Salarzadeh may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**IT IS SO ORDERED.**

Dated: July 19, 2023

THOMAS S. HIXSON
United States Magistrate Judge

11