UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOORAJ SALARZADEH,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., A DELAWARE CORPORATION, et al.,<br><br>Defendants. | Case No. 23-mc-80155-TSH<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 17 |

Tooraj Salarzadeh intends to file a defamation and harassment suit in Hong Kong on behalf of his 17-year-old son, who is the victim of cyberbullying. Starting in approximately July of 2022, one or more individuals began disseminating offensive and defamatory information about his son through an anonymous social media account on Instagram with the username "fxunibxy" (the "Infringing Account"). The individual(s) also sent intimidating and harassing messages through the Infringing Account, falsely accusing Salarzadeh's son of intention to commit sexual assault. Salarzadeh filed a petition pursuant to 28 U.S.C. § 1782 to obtain discovery from Meta Platforms, Inc., to use in the anticipated Hong Kong action.[1] In ECF No. 15, the Court authorized service of Salarzadeh's subpoena on Meta, subject to Meta's ability to move to quash or modify the subpoena. The parties have now filed a joint discovery letter brief concerning Meta's response to the subpoena. ECF No. 17.[2] The Court held a hearing on November 14, 2023, and now issues

---

[1] Salarzadeh originally sought discovery from Meta and Instagram, LLC separately, but Meta clarified that it operates Instagram and is the proper entity for legal process related to the Instagram platform. ECF No. 9.

[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 12, 14. The petition names both Meta and "Instagram" as respondents, but in ECF No. 14 Meta explains that "Instagram is a service that is operated by Meta; it is not a separate entity or limited liability company."

this order.

The crux of the problem is that Meta says it can't find the Infringing Account, so it has produced nothing in response to the subpoena. Well, not quite nothing. Meta produced a "Certificate of Authenticity of Domestic Records of Regularly Conducted Activity," stating under penalty of perjury that "[a] diligent search for reasonably accessible and responsive records revealed no records associated with an Instagram account with the username 'fxunibxy.'" ECF No. 17, Salarzadeh Ex. C. The parties dispute the adequacy of the search Meta did and the sufficiency of this certification.

Meta states that its Instagram service has more than two billion account holders, and so Meta needs to have a framework to search for account data. Meta says that it has tooling it has developed to search its systems for user data, Meta used that tooling here, and it was unable to locate an account. Both sides seem to agree that Meta's certification is deficient in at least two respects. First, it fails to provide any information about the nature of the search that was conducted. Meta offers to supplement the certification to state that its search was performed through tooling Meta uses to locate and produce user data. Second, Meta's certification concerns a search for domestic records, but probably the Infringing Account is foreign. Meta offers to supplement its certification by adding that its search included both domestic and foreign Instagram accounts.

Section 1782 provides that discovery for use in a foreign proceeding shall be conducted "in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782(a). Thus, the Court treats this subpoena to Meta as a Rule 45 subpoena on a non-party and follows case law applicable to that situation. "Where no responsive documents are found or a dispute arises out of the completeness of the production that is made, the subpoenaed person must come forward with an explanation of the search conducted 'with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'" *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 366-67 (D. Nev. 2019) (quoting *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012)). Meta's bare assertion that it used tooling that it uses to locate and produce user data is too little information. Meta must describe the nature of the tooling in enough detail that the

Court can determine if this search was adequate. The Court is not demanding that Meta divulge confidential, proprietary information. However, there is surely a way that Meta can describe the tooling it used to demonstrate whether this was a good way to search for an Instagram account, without giving away trade secrets. Meta must, at a minimum, describe what it searched (at the appropriate level of generality) so the Court can determine if Meta appears to have looked in the right places. Meta represented at the hearing that if the Infringing Account did not turn up in the search Meta conducted, then the responsive information likely does not exist. Meta must provide a basis in the certification for the Court to conclude that is likely correct. As to the search for foreign Instagram accounts, Meta's agreement to revise the certification to state that the search included foreign accounts resolves that issue.

In addition, Salarzadeh argues that the certification fails to describe the declarant's personal knowledge. At the hearing, Meta stated that the custodian of records who signs the certification is ordinarily the person who does the search for the records, and Meta stated that it can provide a certification based on the declarant's personal knowledge. The Court orders Meta to do so.

Salarzadeh argues that Meta's search was limited to active systems and that Meta should also be required to search backup and archival systems. In the letter brief, Meta advanced the legal argument that because it is a non-party, it would be unduly burdensome to require it to search backup or archival systems. However, at the hearing Meta argued that burden is really a non-issue because if the search Meta conducted did not find the Infringing Account, that data is likely gone and not stored in some archival system. Given that representation, the Court does not reach the question of whether Meta should search backup or archival systems; the supplemental certification sounds like it might moot that issue.

Finally, Salarzadeh argues that if Meta finds no relevant records, the certification should state why no records exist, and if the records were deleted or destroyed, when, how and why. In response, Meta states that if it can't find the Infringing Account, it won't know any of this information either. Right now that is just a representation by counsel; a statement to that effect in the certification is required as well.

3

1   Accordingly, Salarzadeh's motion to compel is **GRANTED** as described above.  The
2   Court **ORDERS** Meta to serve a supplemental certification in compliance with this order.
3   **IT IS SO ORDERED.**

5   Dated: November 14, 2023

_____
THOMAS S. HIXSON
United States Magistrate Judge